IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUANN GILLESPIE SHULTZ**, as Administratrix of the Estate of Amy L. Gillespie, Deceased,<br><br>               Plaintiff,<br><br>    v.<br><br>**ALLEGHENY COUNTY**; **ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC.**; **RAMON C. RUSTIN**; **DANA PHILLIPS**; **JOHN AND JANE DOES NUMBERS 1 THROUGH 5**, individuals employed as medical staff at the Allegheny County Jail whose identities cannot presently be determined; and **JOHN AND JANE DOES NUMBERS 6 THROUGH 10**, individuals employed as Corrections Officers and Supervisors at the Allegheny County Jail whose identities cannot presently be determined,<br><br>               Defendants. | 2:10cv1530<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 31st day of March, 2014, upon due consideration of [133] defendants Allegheny County Correctional Health Services, Inc. ("ACCHS") and Dana Phillips' emergency motion to quash subpoena and [134] plaintiff's response thereto, IT IS ORDERED that [133] the motion be, and the same hereby is, denied. Defendant ACCHS shall produce employee Valerie Slepsky for deposition at a time mutually convenient for the parties on or before April 4, 2014.

A defendant is required to produce its employees for deposition upon notice of deposition. Relevant information need not be admissible at the trial to be discoverable; what is required is that the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26. Post-event evidence may be admissible for purposes of proving the existence of a policy or custom. See Monaco v. City of Camden, CIV.A. 04-2406,

2008 WL 8738213 (D.N.J. Apr. 14, 2008) ("multiple courts have held that 'post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but [it may be] highly probative with respect to that inquiry.'" (quoting Henry v. County of Shasta, 132 F.3d 512, 519 (9th Cir. 1997); see also Beck v. City of Pittsburgh, 89 F.3d 966, 973 (3d Cir. 1996) (post-incident evidence "may have evidentiary value for a jury's consideration [of] whether [policymakers] had a pattern of tacitly approving the use of excessive force").

        s/ David Stewart Cercone
        David Stewart Cercone
        United States District Judge

cc:    D. Aaron Rihn, Esquire
       Robert F. Daley, Esquire
       Scott M. Simon, Esquire
       Elmer R. Keach, III, Esquire
       Robert N. Peirce, III, Esquire
       Stanley A. Winikoff, Esquire
       Andrew F. Szelfi, Esquire
       Michael H. Wojcik, Esquire

       (*Via CM/ECF Electronic Filing*)